UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY PALMER, | ) | CASE NO.    4:22-CV-01958 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN THOMAS WATSON, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before on the Court on Magistrate Judge Jonathan D. Greenberg's Report

and Recommendation ("R&R") recommending that the Court deny Petitioner's Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  (ECF #43).  On September 12, 2025, Petitioner filed his

objection to the R&R.  (ECF #44).

For the reasons that follow, the Court **ADOPTS AND ACCEPTS** the R&R and the Petition is

**DISMISSED.**

I.      BACKGROUND

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's

Report and Recommendation, adopted and incorporated herein, provides a more complete and

detailed discussion.  (ECF # 43 pg. 4-18).

A Mahoning County Grand Jury indicted Petitioner on twelve counts of Rape in violation

of O.R.C. § 2907.02(A)(1)(b) and one count of Gross Sexual Imposition in violation of O.R.C. §

2907.02(A)(1)(b).  (ECF # 43 pg. 4).  The indictment specified that all acts occurred between

May 1, 2015, through June 30, 2016 and the victim was less than 13 years old.  (*Id*.).  Petitioner pleaded not guilty.  (*Id*.).  After proceeding to trial, the jury found Petitioner guilty on all counts.  (*Id*. pg. 5).  The trial court sentenced Petitioner to a total of 40 years to life in prison.  (*Id*.).

Petitioner appealed to the Seventh District Court of Appeals, which affirmed the judgment of the trial court.  (*Id*. pg. 6).  Petitioner then appealed to the Supreme Court of Ohio, which later declined jurisdiction.  (*Id*. pg. 7).  While his appeal was pending, Petitioner filed a Petition to Vacate or Set Aside the Judgment of Conviction or Sentence.  (*Id*.).  The State filed a Motion for Judgment on the Pleadings, which the trial court granted and dismissed the Petition.  (*Id*. pg. 8).  Petitioner appealed the dismissal for post-conviction relief and the Court of Appeals affirmed the judgment of the trial court.  (*Id*. pg. 8).  Petitioner then filed a Notice of Appeal with the Supreme Court of Ohio,  which again declined jurisdiction of the appeal.  (*Id*. pg. 10).

Petitioner filed an Application to Reopen his Appeal pursuant to Ohio App. Rule 26(B), arguing his appellate counsel was ineffective.  (*Id*. pg. 10).  The Court of Appeals denied Petitioner's application to reopen.  (*Id*.).  Petitioner did not timely appeal the state appellate court's decision to the Supreme Court of Ohio.  (*Id*.).

## II.      § 2254 MOTION

Petitioner filed his habeas petition asserting nine grounds for relief relating to his conviction and trial:

> **GROUND ONE:** In violation of the United States Constitution Fourteenth Amendment Due Process Clause and Ohio Constitution, Article §1 1, 2, 10, the state failed to state the different conduct said to constitute rape.
>
> **GROUND TWO:** The Court denied appellant due process and equal protection of the law when it failed to instruct the jury on the lesser offenses of gross sexual imposition.
>
> **GROUND THREE:** Appellant was denied due process of law because he was convicted of 12 counts of rape where the evidence was insufficient to support rape.

**GROUND FOUR:** Petitioner was denied due process and equal protection of the law where the state was permitted to introduce irrelevant inflammatory "other act" evidence.

**GROUND FIVE:** When an accused questions the effectiveness and adequacy of counsel, it is the duty of the trial judge to inquire into the complaint, and to make such inquiry a part of the record.  Petitioner Palmer complained directly to counsel in a letter.  After receiving both letters, counsel entered a motion to withdraw as counsel, asserting irreconcilable differences between he and Palmer.  A hearing was held the same day where counsel was permitted to state his version of issues.  After asking Palmer what he had to say, the judge cut him off before he could utter one complete sentence.  The judge failed to make a good faith investigation into whether there had been such a dissolution of the attorney-client relationship that they could not work effectively so that Palmer could receive effective counsel and therefore have a fair trial.  Please consult exhibits 2 and 3 of Palmer's post-conviction evidence.  This ground also asserts that counsel failed to object and request a limiting instruction to prejudicial and immaterial other acts evidence and that he failed to file a motion to suppress Palmer's statements to police.

**GROUND SIX:** Petitioner was denied due process when the state was permitted to impermissibly permitted to bolster the testimony and vouch for the credibility of the declarant in the guise of a medical "diagnosis" of sexual abuse.  While the rules of law and evidence may permit an expert to give such testimony in the form of an opinion, an actual diagnosis which states that a declarant has in fact been raped is always prejudicial and reversible conduct. Especially so where no such findings to support such diagnosis existed.  And counsel failed to object to this prejudicial violation of Petitioner.  Though appellate counsel did raise this ground on direct appeal, he for some reason did not raise this issue in the memorandum for jurisdiction to the state Supreme Court. This claim was also raised in Petitioner's 26(B) Motion to Reopen.  The claim was said by the court to have been argued already on direct appeal by appellate counsel and that it had no merit.

**GROUND SEVEN:** Petitioner was denied due process and the effective assistance of counsel because the state was permitted to make repeated references to the declarant as the "victim," to which trial counsel failed to object to.

**GROUND EIGHT:** The trial court erred by failing to record all sidebars as required by C.R. 22, thus depriving Petitioner of the liberty secured by the Fourteenth Amendment of the United States Constitution.  While it is true that trial counsel should have objected to the failure to record sidebars in trial proceedings, certain obligations fall upon the trial judge even where there was no objection.  Denial of the creation of a complete record for review on appeal is a denial of meaningful access to the courts guaranteed by our Constitution.  While appellate counsel did initially raise this ground on direct appeal, he failed to raise this issue in the memorandum for jurisdiction to the Ohio Supreme Court for some reason unbeknownst to appellant.

**GROUND NINE:** Petitioner was denied due process and the right to a fair trial because of the effect of cumulative errors.  The nature of these types of cases and the duty to safeguard against improper convictions has been discussed elsewhere.  Under the

3

doctrine of cumulative error, " a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell*, 132 Ohio St. 3d *273.  Palmer did not have a fair trial and in the interest of true justice, we cannot allow to pass uncorrected any number of errors which, perhaps in the mind of the Court, do not themselves constitute reversible error, but certainly taken together must.

(*See* ECF #1) (cleaned up).

### III.    STANDARD OF REVIEW

### A.  28 U.S.C. § 636(b)(1)(C)

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

A party who receives notice requiring objections within a specified time frame, yet fails timely to object is deemed to waive review of the district court's adoption of the magistrate judge's recommendations.  *Mattox v. City of Forest Park* , 183 F.3d 515, 519-20 (6th Cir. 1999); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) (upholding the waiver rule as a valid exercise of this court's supervisory power, "at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections"). *Spencer v. Bouchard*, 449 F.3d 721, 724.

4

**B. Prison Mailbox Rule**

Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) and the Sixth Circuit's subsequent extension of that rule *in Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail typically is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court.  Courts therefore assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]."  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  However, the burden lies with the petitioner to prove that he is entitled to benefit from the prison mailbox rule.  *United States v. Smotherman*, 838 F.3d at 738-39 (the inmate "always held the burden of proving timeliness" of appeal, under prison mailbox rule or otherwise).

Rule 3(d) of the Rules Governing § 2254 Cases and § 2255 Proceedings also applies to determining the timeliness of inmate filings:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) "requires the declaration to state only two things; 50% is not enough." *Curney v. United States*, No. 17-2193, 2017 U.S. App. LEXIS 24114, 2017 WL 6762223, at *1 *(6th Cir. Nov. 28, 2017)* (quoting *United States v. Craig,* 368 F.3d 738, 740 (7th Cir. 2004)).  "The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger." *Id.*  The *Curney* court concluded that an inmate's mailing which lacked "evidence showing prepayment of postage . . . is not entitled to the benefit of the prison mailbox rule," as it allowed for the possibility that the inmate "dropped an unstamped [mailing] into the prison mail

system and it took a while to get him to add an envelope and stamp (or to debit his prison trust account for one)." *Id.*  A declaration is ineffective when, in light of countervailing evidence, that a Petition was not ready for mailing, until the date it was stamped processed by the mailroom. *See generally Smotherman, 838 F.3d at 737-38* (noting the utility of "corroborative evidence produced through the prison mailing system").

### IV.      ANALYSIS

The Magistrate Judge declined to consider Petitioner's traverse because it was untimely. In his R&R, the Magistrate Judge found Grounds One, Two, Three, Four, Six and Eight procedurally defaulted, Ground Nine as non-cognizable and denied Ground Seven.  He determined part of Ground Five, alleging ineffective assistance of counsel, was procedurally defaulted and denied the remainder concerning the trial court's duty to inquire.

**A. Prison Mailbox Rule Does Not Apply Under the Circumstances Presented Here**

Petitioner filed an untimely objection to the Magistrate Judge's determinations, arguing that striking his traverse was a harmful error and that he should receive the benefit of the prison mailbox rule.  (*See* ECF #44).  Although the objection itself is untimely, the Court will address whether the Magistrate Judge should have treated the traverse as timely.

To invoke the prison mailbox rule, Petitioner bears the burden of showing that he used the institution's system designed for legal mail and filed a declaration or notarized statement, under 28 U.S.C. § 1746, identifying the date of deposit.  Petitioner's filings contain neither a declaration nor a notarized statement under the penalty of perjury.

After Petitioner's transfer to Ross Correctional Institution, he filed two documents that arrived within 10-10-14 days after the date on which he signed them.  (*See* ECF #38, signed 2/22/25, envelope dated 2/26/2025, received 3/3/2025; *See* ECF #40, signed 4/16/2025, envelope

6

dated 4/22/2025, received 4/30/2025).  On April 30, 2025, the Magistrate Judge granted the Petitioner's motion for an extension of time and set June 1, 2025  as the filing deadline for the Traverse, warning Petitioner that a late filing would be stricken.

The Traverse was received on June 25, 2025, though Petitioner signed and dated it on May 20, 2025, more than a month before receipt.  (*See* ECF #42).  The traverse's envelope was postmarked June 18, 2025.  (*Id.*).  Likewise, Petitioner's objection to the R&R was signed and dated over three weeks before the postmarked date and a month before being received.  (*See* ECF #44, signed 8/12/2025, envelope dated 9/4/2025, received 9/12/2025).

Petitioner attributes these delays to the institution, despite earlier filings having been received within two weeks of his signing.  *See United States v. Buck*, 2011 U.S. Dist. LEXIS 103030, 2011 WL 4073878, at *3 (finding the prison mailbox rule should not apply where, inter alia, there was uncontroverted evidence that petitioner's own mail deposited under similar circumstances was expeditiously transmitted).  He contends that a cash slip ("Exhibit A") authorized postage on May 17, 2025 and that "for reasons unknown," funds for postage were not withdrawn until June 16, 2025.  (ECF #44 pg. 3).  However, no such exhibit is attached.

Petitioner further relies on an "affidavit" and "certificate of service" from his Traverse, claiming they verify timely mailing.  (*Id.* pg. 4).  The affidavit is one of indigence and irrelevant to timeliness.  His certificates of service merely state that copies were mailed to Respondents' counsel and lack the required declaration under 28 U.S.C. § 1746, attesting that he placed his filings in the prison mail system on the date signed.

 Instead of producing evidence that he deposited the filings into the mail system, Petitioner urges the Court to obtain the institution's mail logs.  The Court declines to do so.  The burden to prove timeliness lies with Petitioner, not the Court.  Although courts may assume a

filing date aligns with the date an inmate signs a document, contrary evidence can rebut that presumption. Given the inconsistencies and lack of supporting documentation, Petitioner has not met his burden to show he is entitled to the benefit of the prison mailbox rule. *See* Rule 3(d), Rules Governing § 2254 Cases; *see also Leavy v. Hutchison,* 952 F.3d 830, 832 (6th Cir. 2020) (noting that the prisoner bears the burden to show timely filing under the prison mailbox rule).

The Court recognizes the difficulties faced by incarcerated litigants but notes that the Magistrate Judge granted over a dozen extensions to accommodate Petitioner. In view of those accommodations and the absence of supporting evidence, the Court finds the prison mailbox rule does not apply to his Traverse or his objection. The Magistrate Judge acted correctly in striking the Traverse.

Accordingly, Petitioner's untimely objection is **WAIVED** and the Court finds the Magistrate Judge did not err in striking Petitioner's Traverse.

### B. Magistrate Judge's Report and Recommendation

Because the Court will not consider Petitioner's untimely objection to the R&R, it turns to the Magistrate Judge's determinations, which are subject only to review for clear error. *Travis v. Smith,* No. 1:09-cv-2187, 2011 U.S. Dist. LEXIS 40727, at *1 (N.D. Ohio Apr. 14, 2011) (citation omitted); *see Zimmerman v. Davis*, 2011 U.S. Dist. LEXIS 34490, 2011 WL 1233357 (E.D.Mich. 2011); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir.2006).

The Court has reviewed the detailed and thorough R&R, which analyzes Petitioner's grounds for relief based on procedural default, cognizability and the merits. Because Petitioner's objection relied on his untimely Traverse and was itself untimely, the Court reviews the R&R for clear error and finds none.

The Magistrate Judge determined that Ground One was procedurally defaulted because Petitioner failed to object when the State did not differentiate between conduct for the twelve counts of Rape.  (*Id*. pg. 30).  The Magistrate Judge held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground which bars federal habeas review.  (*Id*. pg. 29).  Petitioner failed to show cause and prejudice to excuse the default, or actual innocence to overcome the bar.  (*Id*. pg. 30).

The Magistrate Judge concluded that Ground Two was likewise procedurally defaulted because Petitioner did not object to the trial court's instruction on the lesser offense of Gross Sexual Imposition.  (*Id*. pg. 35).  Again, Ohio's contemporaneous objection rule constitutes an adequate and independent state ground which bars federal habeas review and Petitioner had demonstrated neither cause and prejudice nor actual innocence.  (*Id*. pg. 34-35),

The Magistrate Judge found Grounds Three, Four, Six and Eight procedurally defaulted because Petitioner failed to raise these claims before the state appellate court.  (*Id*. pg. 36).  Petitioner asserted that ineffective assistance of counsel serves as cause and prejudice to excuse the procedural default, but the Magistrate Judge correctly noted that Petitioner had no constitutional right to counsel in filing an appeal to the Supreme Court of Ohio.  (*Id*.).  Without a constitutional right to counsel, Petitioner cannot claim ineffective assistance to establish cause to excuse his default.  (*Id*.).

The Magistrate Judge determined that part of Ground Five, alleging ineffective assistance of trial counsel, was procedurally defaulted because Petitioner did not present it to the Supreme Court of Ohio.  (*Id*. at pg. 36).  Petitioner showed no cause for his default, has not alleged ensuing prejudice and has not presented any new, reliable evidence to support a credible claim of actual innocence.  (*Id*. pg. 37).  The Magistrate Judge found the remaining portion of Ground

Five, involving the trial judge's alleged "duty to inquire," failed on the merits, because no Supreme Court precedent supports the claim and Petitioner did not establish entitlement to habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996.  (*Id*. at 46).

The Magistrate Judge found that Petitioner's ten additional error assignments added to his amended petition procedurally defaulted.  (*Id*. pg. 37).  Although Petitioner asserted he raised these claims in his Ohio R. App. P. 26(B) application, he failed to appeal the denial of that application to the Supreme Court of Ohio.  (*Id*. pg. 38).  Petitioner again presented no cause, prejudice, or new, reliable evidence to support a credible claim of actual innocence  (*Id*.).

The Magistrate Judge determined Ground Nine was not cognizable because cumulative error is not a valid basis for habeas relief in the Sixth Circuit.  (*Id*.)

The Magistrate Judge found Petitioner's Ground Seven lacked merit and should be denied because the state appellate court reasonably determined trial counsel was not ineffective for failing to object to five references to the child as a victim.  (*Id*. pg. 51).

Finally, the Magistrate Judge considered Petitioner's eight additional habeas claims previously raised in his post-conviction petition.  Five of Petitioner's claims, "trial counsel intentionally misled Petitioner to unknowingly waive his right to a fast and speedy trial, trial counsel failed to timely object to the carbon copy charges, trial counsel failed to object to the State's racially motivated jury strike, trial counsel completely failed to convey the prosecution's plea to client and Petitioner was denied a fair trail and due process due to cumulative errors," were raised before both the state appellate court and the Supreme Court of Ohio.  The Magistrate Judge found these ineffective assistance of counsel claims barred by res judicata (citing *Maxwell v. Shoop*, 2025 WL 886198, at *17, N.D. Ohio Mar. 21, 2025), and the cumulative error argument non-cognizable on habeas review.  The Magistrate Judge found the remaining three

claims, "trial counsel failed to completely conduct any investigation, trial counsel failed to present any rebuttal expert testimony and trial counsel failed to impeach adverse witnesses with available impeachment evidence," meritless. Petitioner provided no evidence showing counsel's performance fell below the acceptable standards of representation or that any alleged deficiency prejudiced his defense to such an extent of denying him a fair proceeding. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### V. CONCLUSION

To the extent that Petitioner did not object to the Magistrate Judge's Report and Recommendation, Petitioner waived his right to a de novo review by filing an untimely objection. The Court has reviewed the R&R and the record for clear error and found none. Petitioner's objection is **WAIVED** and the Court **ACCEPTS** and **ADOPTS** the R&R.

Accordingly, the Petition is **DISMISSED**. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 31, 2026**

11